UNITED STATES of America,
Appellee,

v.

**Louis MAYO, Jr., Defendant-Appellant.**

No. 347, Docket 29134.

United States Court of Appeals
Second Circuit.

Argued Jan. 25, 1965.

Decided Jan. 26, 1965.

See also 230 F.Supp. 85.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York (Charles J. Fanning, Charles A. Stillman, Asst. U. S. Attys., of counsel), for appellee.

Bernard J. Coven, New York City, for defendant-appellant.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

Appellant was convicted after a jury trial on all counts of a three-count indict-

ment in which he was charged, in violation of 18 U.S.C. § 2314, with causing the interstate transportation of stolen stock certificates of the value of $5,000 or more, knowing them to have been stolen, in violation of 18 U.S.C. § 2315, with their unlawful receipt, concealment, sale and disposition, and in violation of 18 U.S.C. § 371 with conspiracy to commit those offenses. He was sentenced to a two year term of imprisonment on each count, the sentences to run concurrently.

■ Upon appeal he contends first, that his motions for acquittal and for acquittal *non obstante veredicto* were erroneously denied because the government failed to prove that the stolen securities transported from Florida to New York City were of the value of $5,000, despite testimony that appellant told a government witness after the theft and prior to the shipment that they were worth $20,000, and testimony that they were sold in New York within two weeks for a bit over that figure. We find no merit in this contention. Alternatively, appellant seeks reversal of the conviction and the ordering of a new trial on three additional grounds, none of which has substance. He contends that the court did not properly define "reasonable doubt" in its charge; that the court refused to give a charge relative to the law of conspiracy which the defendant requested be given after the jury had interrupted its deliberations and had requested further instructions relative to the law of conspiracy, and, instead, gave an erroneous charge; and that there was prejudicial misconduct by government counsel in the questioning of two government witnesses and in the cross-examination of the defendant who had taken the stand in his own defense.

■■ Given by an experienced trial judge, the charge on the meaning of the phrase "reasonable doubt" and the charge as a whole, to which no exception was taken, were proper, adequate and fair; the excepted-to explanation of the law of conspiracy was adequate, and even if it were inadequate an inadequacy would not prejudice the appellant, for his sentence on the conspiracy count is to be served concurrently with the sentences imposed on the substantive counts.

■ Lastly, the record discloses that the trial judge was alert to protect the appellant while appellant was testifying, and that the facts sought by the government from the FBI agent and from the appellant's co-conspirator were relevant to appellant's intent to commit the crimes charged and his knowledge of the overall fraudulent scheme.

Judgment of conviction affirmed.