Ramon **RAMIREZ**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

United States District Court
S. D. New York.

Feb. 19, 1965.

Henry K. Chapman, New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, New York City, for the United States; Howard L. Jacobs, New York City, of counsel.

WEINFELD, District Judge.

Petitioner moves under Section 2255 of Title 28 to vacate a judgment of conviction entered upon his plea of guilty to narcotics violations and the sentence imposed thereunder, and for leave to withdraw the plea of guilty under Rule 32(d) of the Federal Rules of Criminal Procedure. The judgment was entered in 1956 and the sentence thereunder has long since been served. Petitioner, however, was recently convicted of a subsequent narcotics offense; hence the present application.

The petitioner was afforded a hearing at which he was represented by court-appointed counsel. While the petition contains allegations of coercion and alleged incompetence of counsel, the thrust of his testimony related to his contention that he was not advised that as to one count he could have been proceeded against as a juvenile delinquent under the Youth Delinquency Act, and had he been so advised he would not have pleaded guilty to that count or any other count.

In indictment No. 149–335, filed March 29, 1956, the petitioner was charged with three separate substantive violations of the Federal narcotics laws on January 18, February 22 and March 21, 1956. Each was the subject of a separate count. The petitioner was born on January 21, 1938, so that the act set forth in the first count of the indictment was committed three days before petitioner's eighteenth birthday.

Petitioner was first represented by a court-appointed attorney, who was replaced by an attorney retained by petitioner's mother. On April 9, 1956, when so represented by private counsel, the petitioner pleaded guilty to count 1, whereupon the sentence was adjourned pending presentence investigation and report. On the following day, April 10, 1956, a second indictment was returned,

No. 150–11, in which petitioner and another were charged in count 2 with conspiracy to violate the narcotics laws. The alleged conspiracy commenced prior to his eighteenth birthday, but continued thereafter to the date of filing, which covered a period of three months beyond his eighteenth birthday. On the day of sentence, May 21, 1956, the defendant, represented by his counsel, pleaded guilty to the conspiracy indictment and also to counts 2 and 3 of the substantive indictment. Thereupon Judge Ryan imposed a sentence of two years on counts 1, 2 and 3 under the substantive indictment, to run concurrently with each other and concurrently with a two-year sentence imposed under the conspiracy count.

The petitioner contends that even though he was over eighteen years of age when the acts charged in substantive counts 2 and 3 were committed and for the major portion of the conspiracy period, the pleas of guilty thereto are subject to attack because had he been advised of his right to be proceeded against as a juvenile delinquent under count 1 he would not have pleaded guilty to that or to any of the other counts.

■ Apart from any issue as to petitioner's claimed right to be proceeded against as a juvenile delinquent under the Youth Delinquency Act,[1] there can be no question that as to counts 2 and 3 and the conspiracy count he was not so entitled. And since the sentences imposed and served under the latter counts were concurrent, there is no basis for the attack upon the judgment.[2] Petitioner's privately retained counsel testified he had a vague recollection that he had discussed the age situation with the Assistant United States Attorney and decided, after consultation with the petitioner, that his best interests required a plea of guilty to all counts in both indictments in order to get the benefits of what counsel termed a package deal—a benefit that petitioner fully realized.

■ The juvenile, even though he gives his consent, has no absolute right to be proceeded against as such under Section 5032 of Title 18. The matter rests in the final and absolute judgment of the Attorney General.[3]

After observing the defendant, and upon the entire record, the Court is of the view that petitioner's present claim that had he been advised of the procedure under the Act he would not have pleaded guilty to any of the counts in either indictment is sheer pretense and contrived to suit petitioner's needs.

The Court further finds on all the evidence that no coercion of any kind was practiced upon petitioner and that he was adequately and competently represented by counsel.

The application is denied.

---

1. 18 U.S.C. § 5032. "PROCEEDING AGAINST JUVENILE DELINQUENT.
   "A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

"In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation."

2. See, e. g., United States v. Mayo, 2d Cir., 340 F.2d 943 (1965).

3. United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962).