Thomas L. THOMAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20244.

United States Court of Appeals Ninth Circuit.

Jan. 9, 1967.

---

Richard L. Young, Seattle, Wash., for appellant.

William H. Goodwin, U. S. Atty., Stanley H. Barer, Asst. U. S. Atty., Seattle, Wash., for appellee.

David H. Guren, Exec. Director, ACLU, Arnold J. Barer, Seattle, Wash., for the ACLU as amicus curiæ.

Before BARNES, KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge.

This appeal tenders complex questions regarding the constitutional rights of a juvenile in a proceeding under the Juvenile Delinquency Act, 18 U.S.C. § 5031. We are invited to decide the extent to which the strict procedural safeguards afforded to adults in criminal matters are applicable to juvenile delinquency proceedings. In particular, issues are presented which bring into play a wide spectrum of doctrines regarding right to counsel, unlawful detention, involuntary confessions, right against self-incrimination and burden of proof. However, since we believe that the case must be reversed on still another ground, we do not pass on these questions.[1]

The facts, so far as pertinent to our disposition of this case, are as follows: Appellant, a fifteen year old boy, was prosecuted under the Federal Juvenile Delinquency Act [18 U.S.C. § 5031], for having violated a criminal law of the United States, [18 U.S.C. § 641]. He was tried by the court without a jury and found guilty as charged.

At the trial the principal evidence introduced was appellant's confession.[2] In it he admitted that for about six months he had been stealing scrap metal from the Naval Ammunition Depot at Bremerton, Washington; that entry was gained by climbing the fence or by opening a gate with a key which he had found in the lock; that on several occasions he was accompanied by other boys; that he sold the scrap to junk dealers, three of whom he specifically named; and that his total receipts aggregated from $700–$1000.

Aside from the confession itself, proof of the corpus delicti was entirely lacking. The government produced no independent evidence, either direct or circumstantial, to establish that any scrap had been unlawfully taken from the depot. If this were a criminal prosecution this would have been a failure of proof fatal to a conviction for, as noted in Wong Sun v. United States, 371 U.S. 471, 489, 83 S.Ct. 407, 418, 9 L.Ed.2d 441, n. 15 (1963),

"[w]here the crime involves physical damage to person or property, the prosecution must generally show that the

---

1. It is with acute awareness of both the significance and urgency of these problems that we decline the invitation to write a treatise on the constitutional rights of juveniles. But in view of the fact that many of these same issues are presently pending before the Supreme Court in a case already argued [Application of Gault, 99 Ariz. 181, 407 P.2d 760 (1965), probable jurisdiction noted, 384 U.S. 997, 86 S.Ct. 1922, 16 L.Ed.2d 1013 (1966) ] we do not believe an extended discussion would serve any useful purpose.

2. Appellant strenuously objected to the introduction of this document on the basis of the fourth, fifth, sixth and fourteenth amendments. As noted earlier, we deem it unnecessary to rule on these contentions.

injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable. A notable example is the principle that an admission of homicide must be corroborated by tangible evidence of the death of the supposed victim. See 7 Wigmore, Evidence (3d ed. 1940), § 2072, n. 5. There need in such a case be no link, outside the confession, between the injury and the accused who admits having inflicted it." [3]

Here, there was no requisite corroboration of the confession.[4]

We are well aware that the requirement of corroboration had its genesis in the criminal law:

"Its purpose is to prevent 'errors in convictions based upon untrue confessions alone,' (citation omitted); its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused. Confessions may be unreliable because they are coerced or induced, and although separate doctrines exclude involuntary confessions from consideration by the jury * * * further caution is warranted because the accused may be unable to establish the involuntary nature of his statements. Moreover, though a statement may not be 'involuntary' within the meaning of this exclusionary rule, still its reliability may be suspect if it is extracted from one who is under the pressure of a police investigation— whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past. Finally, the experience of the courts, the police and the medical profession recounts a number of false confessions voluntarily made * * *." Smith v. United States, 348 U.S. 147, 153, 75 S.Ct. 194, 197, 99 L.Ed. 192 (1954).

Granting that the purpose of a juvenile proceeding is to rehabilitate, rather than to punish [Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966)], both the need for rehabilitation in the one case and the reason for punishment in the other, rest upon the same basis—the subject's transgression of the minimum rules of social conduct embodied in the criminal law. Surely it is not demanding too much of the government in the case of the child as in the case of the adult to require trustworthy proof of delinquency. "If in fact the alleged delinquent child has not committed the act on which the finding of delinquency is based, there is grave doubt that the unjust commitment will have the hoped for reclaiming effect." Annot., 43 A.L.R.2d 1128, 1131.

The judgment is reversed.

---

3. Where the crime is one having a tangible corpus delicti, then the corroboration must consist of proof independent of the confession itself that a crime was in fact committed; but in those cases where the crime involves no tangible corpus delicti, the corroborative evidence need show no more than the trustworthiness of the admission or confession—it need not show the actual commission of the crime.

Recognizing this distinction, the Court (continuing the above quotation) added: "But where the crime involves no tangible corpus delicti, we have said that 'the corroborative evidence must implicate the accused in order to show that a crime has been committed.'" Wong Sun, supra, 371

U.S. at 490, 83 S.Ct. at 418. See, also Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Smith v. United States, 348 U.S. 154, 75 S.Ct. 194 (1954).

4. Appellee asserts that two pieces of evidence tend to corroborate the confession: first, a key which an FBI agent obtained from appellant's mother and which he said fit all the locks in the naval depot, and second, testimony by a boy named in the confession that he (the boy) had been with appellant on one visit. At most this proof shows appellant had access to the depot; it fails to establish that anyone had in fact committed a theft.