**UNITED STATES of America, Appellee,**

v.

**Jimmie Robert POWERS, Appellant.**

**No. 23921.**

United States Court of Appeals Ninth Circuit.

Jan. 20, 1970.

William N. Fielden (argued), La Jolla, Cal., for appellant.

Warren Reese (argued), Asst. U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and BYRNE, District Judge.*

HAMLEY, Circuit Judge:

In this cause the United States proceeded against Jimmie Robert Powers as a juvenile delinquent, pursuant to 18 U.S.C. § 5032. The allegation of delinquency was based on the charge that on February 19, 1968, and twice on March 27, 1968, Powers knowingly and wilfully threatened to take the life of the President of the United States, in violation of 18 U.S.C. § 871. At the trial the jury returned a special verdict finding that Powers, who was then seventeen years old, committed each of the offenses charged and is therefore a juvenile delinquent. The district court thereupon adjudged him to be a juvenile delinquent

---

* The Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

and committed him to the custody of the Attorney General for imprisonment during the period of his minority, which expires on September 4, 1971.

On this appeal, Powers' prime argument is that the jury findings are not supported by the evidence. Specifically, defendant contends that the Government failed to prove, beyond a reasonable doubt, that on any of the occasions in question Powers (1) made a "true threat" and (2) made that threat wilfully.

▪ The essential elements of an offense under 18 U.S.C. § 871 are discussed in Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969), and Roy v. United States, 416 F.2d 874 (9th Cir. 1969). The principles announced in these cases convince us that the evidence in the present case was sufficient in both of the respects referred to above.

▪ Defendant also urges that the evidence was insufficient with regard to the February 19, 1968 incident, which involved a letter written by Powers. He argues that there was a lack of evidence that the letter was ever exhibited to anyone. Defendant cites United States v. Metzdorf, 252 F. 933, 938 (D.Mont.1918) to establish the requirement that, because defendant did not deposit the letter in the United States mail, the Government had to prove that it was exhibited to someone.

For present purposes we assume that *Metzdorf* correctly states the law with regard to the necessity of proving the letter had been exhibited.[1] At the time the letter was written, Powers was a prisoner in the brig at the Marine Recruit Depot in San Diego, California. Contrary to brig regulations, of which Powers was aware, he sealed the letter

before depositing it in a brig postal box which is not a part of the United States postal system. Powers testified that he sealed the letter because he wanted it to be noticed. In fulfillment of his duty under the circumstances, Chief Warrant Officer Robert Seek opened the letter and read the contents. Under these circumstances we hold the jury could find that the letter had been exhibited.

In view of this determination we conclude that defendant's challenge to jury instruction No. 31 is also without merit.

Affirmed.

---

1. Granting the correctness of the law pronounced in *Metzdorf*, the result there reached (sustaining a demurrer) was no doubt sound, having in view the state of scientific achievement in 1918. Whether it would be a sound result in this space age is problematical. In *Metzdorf*, the court, in considering what constitutes a

threat within the meaning of the statute, said:

"'After a trip to the moon I will kill you' is not a threat, because the contingency upon which execution of the threat is based is impossible." 252 F. at 938.