**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter Ralph NUSZ, Defendant-Appellant.**

**No. 71-2232.**

United States Court of Appeals, Ninth Circuit.

June 30, 1972.

Charles M. Giles (argued), of Barber, Haralson, Giles & Moore, Tucson, Ariz., for defendant-appellant.

Ann Bowen, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and BROWNING, Circuit Judges, and ZIRPOLI, District Judge.*

ZIRPOLI, District Judge:

Walter Ralph Nusz appeals from a jury verdict convicting him of threatening, through the use of the telephone, to dynamite the building occupied by the Coronado National Forest Service, an agency of the United States government,

---

* Honorable Alfonso J. Zirpoli, United States District Judge for the Northern

District of California, sitting by designation.

and other property under the jurisdiction of Clyde Doran, Forest Service Supervisor, in violation of 18 U.S.C. § 844(e).

■■ Appellant challenges the trial court's refusal to give two instructions on the ground that the evidence negatives his intention actually to carry out the threat. Appellant first argues that the trial court erred in refusing to give Defendant's Requested Instruction No. 2: "Before a statement may be considered a threat, even though made vehemently, caustically or unpleasantly, it must be made without condition." While it is true that conditional language may sometimes negative a threat, United States v. Powers, 420 F.2d 937, 938 n. 1 (9th Cir. 1970), it does not follow that conditional language is always sufficient to do so. See United States v. Varani, 435 F.2d 758 (6th Cir. 1970); Roy v. United States, 416 F.2d 874 (9th Cir. 1969).

■■ Appellant next argues that the trial court also erred in rejecting Defendant's Requested Instruction No. 4: "A threat, such as that alleged by the Government in this case, can form the basis for a conviction only if made with a present intention to damage or destroy property by means of an explosive." Appellant recognizes, however, that this court has consistently rejected the requirement of a present intention to carry out threats against the life of the President in cases arising under 18 U.S.C. § 871. See United States v. Hollifield, 458 F.2d 1362 (9th Cir. 1972); United States v. Melendy, 438 F.2d 531 (9th Cir. 1971); Roy v. United States, *supra*. The existence of contrary authority in other circuits does not persuade us to depart from our prior holdings or to apply a different rule to prosecutions under this statute.

We conclude that the trial court properly instructed the jury, which resolved the facts and circumstances surrounding the threat against the appellant.

Affirmed.