UNITED STATES of America, Appellee,

v.

Antonio FRASQUILLO–ZOMOSA, Appellant.

No. 79–1824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1980.

Decided Aug. 4, 1980.

Rehearing Denied Sept. 11, 1980.

---

Frank R. Zapata, Tucson, Ariz., for appellant.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HUG and SCHROEDER, Circuit Judges, and BURNS,* District Judge.

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

**JAMES M. BURNS, District Judge:**

Antonio Frasquillo-Zomosa (Frasquillo or appellant) appeals his adjudication of juvenile delinquency, 18 U.S.C. §§ 5031–5039, on the ground of insufficiency of the evidence. We affirm.

### I

### BACKGROUND FACTS

On November 26, 1979, an information and certification to proceed against Frasquillo as a juvenile was filed in the District of Arizona. The information alleged that appellant was a juvenile and charged him with two counts of what would have been crimes if he were an adult: (1) transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(2), and (2) assaulting border patrol agents while engaged in the performance of their duties, in violation of 18 U.S.C. § 111 and § 1114. The incident from which these proceedings arose occurred on November 22, 1979.

Counsel was appointed to represent the appellant on November 26, 1979. At a November 28 hearing, appellant denied the allegations of juvenile delinquency. At the same hearing, appellant stated that he was 16 years old, his birthdate being June 13, 1963. The district judge who presided at the arraignment found that the appellant was a juvenile within the meaning of 18 U.S.C. § 5031.

On December 10, 1979, the matter was tried before the same district judge who presided at the arraignment. The government, at trial, produced no evidence of the appellant's age. At the close of the adjudicatory hearing, appellant moved for judgment of acquittal on the ground that the evidence was "insufficient to convict him of the acts of juvenile delinquency." (TR. p. 90). Counsel did not argue or even mention lack of proof of age at the trial. The trial court denied the motion and found the ap-

pellant had committed the acts of juvenile delinquency, adjudged him to be a juvenile delinquent, and ordered him committed to the custody of the Attorney General for his minority.

■ Appellant now contends the evidence was insufficient to support a finding of juvenile delinquency because no evidence was presented *at trial* of appellant's age at the time the offense was committed.

## II

Section 5031 of Title 18 United States Code provides:

> For the purposes of this chapter a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency" is the violation of the law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult.

Appellant contends the statute, by its terms, includes the age of the accused at the time of the offense as a substantive element of juvenile delinquency, which must be proved beyond a reasonable doubt at the trial of the accused. We are aware of no decision so construing the statute,[1] and we decline to so construe it now.

■ The Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042, creates a special procedural and substantive enclave for juveniles accused of criminal acts. The purpose of the Act, as amended in 1974, was to enhance the juvenile system by removing juveniles from the ordinary criminal justice system and by providing a separate system of "treatment" for them. See S.Rep.No.93–1011, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, p. 5283.

Under the Act's provisions, a juvenile is accorded preferential and protective handling not available to adults accused of committing crimes. Special obligations not applicable in adult criminal proceedings are imposed upon the arresting officer, § 5033, the magistrate, § 5034, the Attorney General, §§ 5032, 5035, 5039, the court, §§ 5032, 5036, 5037, 5038, and the U.S. Parole Commission, § 5041.

■ The ultimate result of those special procedures differs, in substantial ways, from that of an adult criminal proceeding. A successful prosecution under the Act results not in conviction of a crime but rather in adjudication of a status. *United States v. Hill*, 538 F.2d 1072, 1075 (4th Cir. 1976); *United States v. King*, 482 F.2d 454, 456 (6th Cir.), *cert. denied*, 414 U.S. 1076, 94 S.Ct. 594, 38 L.Ed.2d 483 (1973). The period for which one adjudged a juvenile delinquent may be committed to the custody of the Attorney General may be much less than that for which an adult may be imprisoned for the same acts. 18 U.S.C. § 5037. Here, for example, the maximum custody and supervision faced was about 4½ years, as opposed to a total of 15 years as an adult.

The purpose and provisions of the Act are *sui generis*. Hence, the definition of juvenile delinquency set out in § 5031 of the Act must be construed and applied in that light. Section 5031 defines a substantive offense of juvenile delinquency, which is based on the commission of an act which would be a crime if committed by an adult. *United States v. Mechem*, 509 F.2d 1193, 1196 (10th Cir. 1975). While the Act imposes greater procedural burdens on the government when proceeding against a juvenile, nothing in the legislative history of the Act, its purpose or structural scheme suggests that Congress intended to add an additional substantive element to the government's burden of proof. Though included within the definition of juvenile delinquency, the age of the accused at the time of the offense cannot properly be read as an additional

---

1. Our prior decisions, while not directly addressing the issue, have not treated the age of the accused as a substantive element of juvenile delinquency. *United States v. Powers*, 420 F.2d 937 (9th Cir. 1970), and *Thomas v. United States*, 370 F.2d 621 (9th Cir. 1967). *See also United States v. Costanzo*, 395 F.2d 441 (4th Cir. 1968).

element of the offense, but rather simply as a fact which, when ascertained, renders the protective provisions of the Act applicable to the accused.

This conclusion is supported by a consideration of the nature of the element of age in relation to the statutory scheme and its purpose. The age of the accused, unlike many elements of crimes, is a fact which at times may be peculiarly within the knowledge of the accused and sometimes, perhaps often, not susceptible to independent proof. Especially is this so where the accused is an alien. To ensure compliance with the special requirements applicable to juveniles prior to an adjudicatory proceeding, §§ 5032, 5033, 5034, 5035, 5036 and 5038, a finding that a person accused of criminal activity is a juvenile within the meaning of the Act must be made at an early stage of the proceedings. Construction of the age of the accused as a substantive element of the offense would permit the accused to invoke his Fifth Amendment privilege as to this essential fact, thereby delaying, if not prohibiting, a determination of the appropriate manner of proceeding.

Also weighing against such a construction of § 5031 is the interplay of the Fifth Amendment with § 5032. That section permits a juvenile proceeding to be brought only where the Attorney General has certified that the state court lacks or refuses to take jurisdiction or lacks appropriate programs and services for treatment of juveniles. Adult proceedings may be brought only if the juvenile has requested such proceedings in writing or if the accused is sixteen or older and accused of certain severe offenses (i. e., 10 years or more, life or death sentence crimes). Assertion of the Fifth Amendment privilege where independent proof of the accused's age is not available could foreclose not only an adjudication under the Act but also any treatment whatsoever. Such a result would completely frustrate the objective of the Act.

These considerations compel the conclusion that the age of the accused at the time of the offense is not an element of juvenile delinquency which must be proved beyond a reasonable doubt at the trial of the accused.

The trial court's adjudication of appellant as a delinquent is affirmed.