**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jose Antonia ARAIZA–VALDEZ, Defendant-Appellee.**

**No. 80–1081.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1980.

Decided Nov. 24, 1980.

Daniel G. Knauss, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellant.

Bernardo P. Velasco, Tucson, Ariz., for defendant-appellee.

Before CHOY and FARRIS, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

### PROCEEDINGS IN THE DISTRICT COURT

The Government appeals the order of the District Court dismissing the indictment against the above-named defendant (Valdez). We note jurisdiction and vacate the order.

On September 3, 1972, Valdez, then age 17 years, entered the United States by auto-

mobile at the Nogales, Arizona port of entry. When a customs inspector began a border search of the automobile, Valdez fled on foot back into Mexico. The vehicle search revealed about 175 pounds of marijuana. A complaint charging Valdez, "date of birth December 8, 1954," with violation of 21 U.S.C. §§ 841(a)(1), 952(a) and 960(a) was filed and an arrest warrant issued for Valdez on November 6, 1972, less than one month prior to his 18th birthday.

Valdez remained a fugitive until December 6, 1979 when he was apprehended upon entering the United States from Mexico. On December 11, 1979, Valdez, then age 24 years, was indicted for the offenses committed on September 3, 1972.

Valdez moved for a dismissal of the indictment contending that he was entitled to be proceeded against as a juvenile under the terms and provisions of the Juvenile Delinquency Act of 1948 (JDA), 18 U.S.C. §§ 5031–5042, and that the Attorney General had failed to direct the adult prosecution as had been required by § 5032.[1]

Under its reading of that section, the District Court concluded that the United State Attorney could have prosecuted Valdez as an adult immediately after his offense only if the Attorney General had so directed. Therefore, having failed to obtain the Attorney General's permission prior to indicting Valdez, the Government had not properly transferred a juvenile offender into adult court. The District Court thereupon dismissed the indictment for lack of jurisdiction.

### DISCUSSION

■ We are satisfied that the District Court erred. No JDA proceedings had been instituted against Valdez prior to his 21st birthday. All that had been filed to that

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Section 5032 then provided in part that an alleged juvenile delinquent

"Shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise. "In such event the juvenile shall be proceeded against by information ...." 18 U.S.C. § 5032 (1970).

time was a complaint charging Valdez with violations of the above mentioned sections of the United States Code and seeking a warrant for his arrest. We do not find this sufficient to constitute the initiation of juvenile proceedings by an information when the law still provided the Attorney General with the option of seeking an indictment. 18 U.S.C.A. § 5032 (1969). *Ramirez v. United States*, 238 F.Supp. 763 (S.D.N.Y.1965). We also note that due to his voluntary absence, Valdez never gave the required consent to being proceeded against as a juvenile. 18 U.S.C.A. § 5032 (1969). Thus, juvenile proceedings cannot be considered to have been initiated in 1972. *See United States v. Barbosa*, 224 F. Supp. 628 (D.P.R. 1963).

The JDA defines a procedure for adjudicating the status of a juvenile who has violated a law of the United States. It "creates a special procedural and substantive enclave for juveniles accused of criminal acts," and accords them preferential and protective handling. *United States v. Frasquillo-Zomosa*, 626 F.2d 99, 101 (9th Cir. 1980). "A successful prosecution under the Act results not in conviction of a crime but rather in adjudication of a status." *Id.* As has been correctly observed in the Eighth Circuit: "[T]he Act does not create a substantive offense with its own jurisdictional basis, but rather establishes a procedural mechanism for the treatment of juveniles who are already subject to federal jurisdiction because of the commission of acts cognizable under other federal criminal statutes." *United States v. Allen*, 574 F.2d 435, 437 (8th Cir. 1978).

Because the JDA is such a procedural mechanism, we must look to the provisions existing at the time the Grand Jury returned the indictment, not the time of the underlying criminal act. Valdez's being or not being in the status of a juvenile at the time of the indictment, under the application of the law then existing, will be dispositive of the question of the District Court's jurisdiction. Congress amended the JDA in 1974 such that the applicable provision at the time of the indictment read as follows:

> "For the purposes of this chapter, a 'juvenile' is a person who has not attained his eighteenth birthday, *or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday,* and 'juvenile delinquency' is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. § 5031. (Emphasis Supplied.)

This Court has recently addressed the effect section 5031 and the timing of proceedings have on a District Court's jurisdiction to hear an action against one who violated a United States Code provision while under the age of 18. *United States v. Doe*, 631 F.2d 110 at 112, 113 (9th Cir. 1980). In *Doe*, the action of alleged juvenile delinquency was committed prior to Doe's 18th birthday. Informations charging delinquency were filed prior to her 18th birthday, for a marijuana charge, and just prior to her 21st birthday, for a bail jumping charge. The trial on the bail jumping charge and the disposition of adjudications on both charges, however, did not occur until *after* Doe's 21st birthday. Doe claimed that the District Court's jurisdiction to proceed against her as a juvenile terminated upon her 21st birthday, and that it was thus barred from imposing sentence.

In ruling against the appellant, this Court announced that judicial expediency requires that juvenile jurisdiction be fixed by the date of commencement of the juvenile proceeding, and that if established it endure throughout. *Doe* accepted the Government's position, "that the filing of an information against an accused commences the process of 'proceedings and disposition,' for the purposes of section 5031, and that juvenile jurisdiction should thus be determined by the accused's age *at the time the information is filed*." *Doe* at 112. (Emphasis

supplied.) The Court noted that if it ruled that all jurisdiction terminated at age 21, "[i]n cases in which an alleged offender was nearing twenty–one, the government would be forced either to postpone the initiation of a proceeding so that the accused could be treated as an adult, or to rush the proceeding to its conclusion so that the case would reach disposition before the accused's twenty-first birthday." *Id.* The Court definitively held: "[i]nasmuch as the offenses with which appellant was charged occurred while she was under the age of eighteen and both informations against appellant were filed before her twenty–first birthday, the district court was correct in treating the cases as within its juvenile jurisdiction." *Id.* at 113.

██ A fortiori, an information alleging acts of delinquency occurring prior to the accused's 18th birthday but filed after his or her 21st year is too late to establish JDA jurisdiction. As noted above, there was here no juvenile action commenced prior to Valdez's 21st birthday. Valdez, through his voluntary absence, has simply outgrown his status as a juvenile and the purposes and benefits of the Act.

The indictment against Valdez must be reinstated and the order dismissing the same as entered by the District Court on January 21, 1980 is vacated and the cause remanded for further proceedings upon the indictment.

JUDGMENT VACATED AND REMANDED.