**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francisco GONZALEZ–CERVANTES,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**Nos. 80–1735, 80–1746.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1981.

Decided Dec. 10, 1981.

Rehearing Denied March 4, 1982.

Gerald McFadden, San Diego, Cal., for Cervantes.

Juanita R. Brooks, AFPD, San Diego, Cal., for Doe.

Judith S. Feigin, Asst. U. S. Atty., argued; M. James Lorenz, U. S. Atty.; Judith S. Feigin, Asst. U. S. Atty., on the brief, San Diego, Cal., for United States.

Before ALARCON and BOOCHEVER, Circuit Judges, and THOMPSON *, District Judge.

ALARCON, Circuit Judge.

This consolidated appeal presents three issues: (1) whether a juvenile[1] who consents to a trial before a magistrate has an absolute right to be tried or to enter a plea before a magistrate; (2) whether a juvenile can be sentenced to a probation term which, while no longer than a probation term that could be imposed on an adult, exceeds the term for which an adult could be *imprisoned*; and (3) whether an error in the certification which permits a federal court to proceed against a juvenile divests the federal district court of jurisdiction.

---

* Hon. Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

1. The Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031–5042, creates a separate system for the handling of juveniles who are alleged to have committed, and found to have committed criminal acts. *United States v. Frasquillo-Zomosa*, 626 F.2d 99, 101 (9th Cir.), *cert. denied*, 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980), provides an excellent analysis of the Act's provisions and purposes.

### I.

This appeal arises from proceedings instituted against two juveniles, John Doe and Francisco Gonzalez-Cervantes.

#### A. *Proceedings Against Doe*

An information was filed in the magistrate's court, charging John Doe with being a juvenile delinquent,[2] in violation of 18 U.S.C. § 5032. The criminal activity underlying the juvenile delinquency charge was illegal entry into the United States, a violation of 8 U.S.C. § 1325. The United States Attorney, in compliance with 18 U.S.C. § 5032, filed a certification with the district court stating that the Juvenile Court in San Diego county refused to assume jurisdiction over Doe.

Doe attempted to file a consent form agreeing to proceed before a magistrate; the magistrate refused tender of the consent and transferred the case to district court. The district court judge, on Doe's motion, remanded the case to the magistrate, but later revoked the remand.

Doe was tried in the district court on stipulated facts and adjudicated a juvenile delinquent. He was placed on probation for one year.

#### B. *Proceedings Against Gonzalez-Cervantes*

In an information filed in magistrate's court, Cervantes was charged with juvenile delinquency, in violation of 18 U.S.C. § 5032. As in the case against Doe, the criminal activity underlying the juvenile delinquency charge was an illegal entry in the United States, in violation of 8 U.S.C. 1325. Again, a certification was filed by the United States Attorney stating that the Juvenile Court for San Diego county refused to assume jurisdiction over Cervantes.

Although Cervantes attempted to file his consent to the magistrate's jurisdiction, the magistrate refused to exercise jurisdiction over the case, and transferred it to district court. The district court judge denied the motion to remand.

Cervantes was tried on stipulated facts and adjudicated a juvenile delinquent. He was placed on probation until his 21st birthday, a period of about four years.

### II.

### MAGISTRATE JURISDICTION

Both Doe and Cervantes (appellants) contend that under Magistrates Rule 2(c)[3], their filing of a consent to be tried before a magistrate makes the magistrate's jurisdiction mandatory, so long as the district court has not ordered the case be conducted before it and the United States has not petitioned for removal to the district court. They contend that reversal of their convictions is required because they attempted to file a consent to the magistrate's jurisdiction, and were tried over their objections in district court.

Rule 2(c) provides in part: "If the defendant signs a written consent to be tried before the magistrate . . . , the magistrate *shall* take the defendant's plea to the *misdemeanor* charge." (emphasis added).

Although it might appear that Rule 2(c) does in fact make magistrate jurisdiction mandatory in a criminal proceeding, I believe that the rule is inapplicable in the context of a charge of juvenile delinquency.

The appellants were both charged with being juvenile delinquents. The criminal violation underlying the juvenile delinquency charge in both cases was a *misdemeanor*—illegal entry into the United

---

**2.** An act of juvenile delinquency is "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. § 5031.

**3.** 18 U.S.C. § 3401(h) allows Magistrate jurisdiction over juveniles. 18 U.S.C. § 3401 provides in part:

"(h) The magistrate *may*, in a petty offense case involving a juvenile in which consent to trial before a magistrate has been filed under subsection (b) of this section, exercise all powers granted to the district court under Chapter 403 of this title." (emphasis added)

States. *See* 8 U.S.C. § 1325. Appellants were not charged with a crime, however, they were charged with being juvenile delinquents, which is neither a misdemeanor nor a felony. Adjudication of juvenile delinquency is not a conviction of a crime, but rather, a determination of a juvenile's status. It is a civil rather than a criminal prosecution. *See United States v. Frasquillo-Zomosa*, 626 F.2d 99, 101 (9th Cir.), *cert. denied*, 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980); *United States v. Duboise*, 604 F.2d 648, 649–50 (10th Cir. 1979); *United States v. Hill*, 538 F.2d 1072 (4th Cir. 1976). Accordingly, Rule 2(c), which gives magistrates jurisdiction over misdemeanors is inapplicable in a juvenile proceeding under 18 U.S.C. § 5032.

■ Appellants contend that such an interpretation of Rule 2(c) discriminates irrationally against persons charged with juvenile delinquency, in violation of the equal protection and due process clauses of the Constitution. I disagree.

The contention that this construction of Rule 2(c) denies appellants equal protection is spurious. The juvenile delinquency statutes permit a juvenile to be proceeded against as an adult if the juvenile so requests in writing on the advice of counsel. 18 U.S.C. § 5032. Thus, appellants could have availed themselves of all procedures available to adults. The due process contention is similarly without merit.

The Supreme Court has indicated that under the due process clause, not all rights assured to an adult accused of a crime need be extended to a juvenile in his or her delinquency proceeding. The applicable due process standard to be used in evaluating whether a right assured to an adult need be extended to a juvenile is that of fundamental fairness. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 543, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971). This fundamental fairness standard has empha-

sized fact-finding procedures essential to a fair trial.

Appellants have set forth no reasons to support the proposition that the non-extension of Rule 2(c) to juveniles results in the denial of a fair trial, and we can perceive none. I therefore see no due process or equal protection problems from the non-application of Rule 2(c) to juvenile delinquency charges.[4]

### III.

### TERM OF PROBATION

18 U.S.C. § 5037(b) which governs sentences for those adjudicated to be juvenile delinquents provides in part: "Probation, commitment, or commitment in accordance with subsection (c) shall not extend beyond the juvenile's twenty-first birthday or the maximum term which could have been imposed on an adult convicted of the same offense, whichever is sooner . . . ."

The maximum term of imprisonment permissible for an adult convicted of a misdemeanor violation of 8 U.S.C. § 1325 is six months. An adult convicted of violating 8 U.S.C. § 1325, however, can be given five years probation. 18 U.S.C. § 3651.

Appellants contend that § 5037(b) means that a person adjudicated to be a juvenile delinquent can only be put on probation for as long as an adult could be imprisoned. We disagree.

■ The plain meaning of § 5037 is that a juvenile can be given a term of imprisonment equal to the term of imprisonment that could have been imposed on an adult and can be given a probationary sentence equal to that which an adult could receive. An adult can receive a five-year probation term for violating 8 U.S.C. § 1325. Since Doe and Cervantes were both given terms of probation under this

---

4. The Government contends that this issue is moot because the only difference between a trial in magistrate's court and a district court trial is that a magistrate can only sentence a juvenile to probation. 18 U.S.C. § 3401(h). Here, the district courts sentenced the appel-

lants only to probation. This, however, does not render the controversy moot. Rather, it might render any error harmless. *See* Fed.R. Crim.P. 52(a). Because we find that there was no error, we need not determine the applicability of the harmless error rule.

five-year maximum, the terms imposed on appellants are legitimate.[5]

## IV.

### CERTIFICATION

Doe contends that the district court had no jurisdiction to proceed against him because the certification filed in his case was substantively incorrect. We find, however, that under the facts of this case, the substantive inaccuracy does not require reversal of his conviction.

18 U.S.C. § 5032 provides in part:

A juvenile alleged to have committed an act of juvenile delinquency *shall not be proceeded against* in any court of the United States unless the Attorney General, after investigation, certifies to an appropriate district court of the United States that the juvenile court or other appropriate court of a state (1) does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency.... (emphasis added)

A certification stating that the juvenile court of San Diego County refused to assume jurisdiction over Doe was timely filed in the appropriate district court. Doe claims, on appeal, that certification was ineffective because the underlying criminal act was committed in Imperial County, and therefore, filing a certification from the

Imperial County Courts was essential before the district court could proceed against him. The government concedes that the crime occurred in Imperial County—and thus that a certification referring to Imperial County would have been more appropriate. The government, however, claims such error does not require reversing Doe's conviction.[6] We find that this certification was sufficient to allow the district court to proceed against Doe.

■ If the existence of an accurate certification is jurisdictional, the conviction must be reversed. It is our view that the filing of an accurate certification is not jurisdictional.

We conclude from the language of the statute that a district court has jurisdiction over a juvenile if that juvenile is "alleged to have committed an act of juvenile delinquency...." While the statute quite clearly requires the filing of a certification before the district court can institute proceedings against the juvenile, the statute does not require the trial judge to determine, *sua sponte*, if the certificate filed refers to the appropriate state court before instituting binding proceedings against the juvenile. Where, as here, a certificate was timely filed, and that certificate appeared regular on its face, the trial judge has no duty independently to investigate and determine if the certificate refers to the proper state court. Moreover, not only did de-

---

**5.** Appellants also rely on 18 U.S.C. § 3401(g)(3) to support their contention that the maximum probation sentence that they were subject to was six months. This reliance is misplaced. 18 U.S.C. § 3401(g)(3) governs magistrate's sentences for youth offenders, and is not applicable to juvenile delinquents. This inapplicability is underscored by the fact that another subsection of 3401, 3401(h), governs magistrate's sentencing of juvenile delinquents. Sections (g) and (h) are dissimilar. For example, while under (g) a magistrate can imprison a youth offender, (h) prohibits a magistrate from sentencing a juvenile delinquent to a term of imprisonment. The criminal code consistently recognizes distinctions between youth offenders and juvenile delinquents. *Compare* 18 U.S.C. § 5031 *et seq.* (juvenile delinquents) and § 5005 *et seq.* (youth offenders).

**6.** In an attempt to remedy any error, the government, as an appendix to its briefs, filed a certification stating that the Imperial County courts refused to assume jurisdiction over Doe. Because we find that the faulty certification does not require reversal even without the attempted cure, we need not decide whether it was timely.

We note, however, that the statute does not set forth *when* the certification need be filed. The statute provides: "shall not be proceeded against ... unless ..." a certification is filed. It does not state that proceedings cannot be undertaken *until* a certificate is filed. We express no opinion as to when the certificate must be filed.

fense counsel fail to object to the certification, she agreed that it was "appropriate."[7] We believe that the trial judge can rely on the representations by the United States Attorney, particularly in the face of acquiescence by defense counsel, that the certification is accurate. The district court judge is then free to proceed against the juvenile.

Moreover, we do not believe that the error within the certification requires reversal of Doe's conviction on any non-jurisdictional ground. We note that the defendant made no objection to the certification at the trial court level. In fact, at a pretrial motion Doe's attorney stated to the district court: "the appropriate certification was filed stating that the State court did not wish jurisdiction over Mr. [Doe]." The general rule is that a party must object to an error at the first opportunity, or that error is waived. *See* Fed.R.Crim.P. 51. Defense counsel was aware that the certification, stated that San Diego County courts refused to assume jurisdiction. She had access to the facts showing that the criminal activity occurred in Imperial County. Thus, any objection to the error in the certification should have been made to the district court judge at the earliest opportunity. We are cognizant of the fact that Rule 52(b) of the Federal Rules of Criminal Procedure allows an appellate court to notice "plain error" even though no objection to the error was made at trial. This rule is applicable only in exceptional circumstances when necessary to "prevent a miscarriage of justice, or to preserve the integrity and reputation of the judicial process." *United States v. Eskridge*, 456 F.2d 1202, 1205 (9th Cir.), *cert. denied*, 409 U.S. 883, 93 S.Ct. 171, 34 L.Ed.2d 138 (1972). We do not believe that

such circumstances exist here, and we therefore find that any error was waived.[8]

The judgments are AFFIRMED.

BOOCHEVER, Circuit Judge, concurring:

I concur in the result reached by Judge Alarcon and agree with sections III and IV of his opinion. I do not believe, however, that it is necessary in this case to determine whether one charged with being a juvenile delinquent, who consents to a trial before a magistrate, has an absolute right to a trial or to enter a plea before the magistrate rather than the district court.

The only advantage to a defendant in being tried before a magistrate or in entering a plea before a magistrate, rather than a district court judge, is that a magistrate cannot impose a sentence of imprisonment. *See* 18 U.S.C. § 3401(h). Because jail sentences were not imposed in these cases, we need not reach the question of Magistrates Rule 2(c)'s applicability to juvenile proceedings.

I also agree with Judge Thompson that a magistrate serves as an adjunct of the district court. Accordingly, we are not confronted with a jurisdictional issue because cases come within a district court's jurisdiction regardless of whether they are tried by a magistrate or a district court judge.

BRUCE R. THOMPSON, District Judge, concurring.

I concur in the result and in Parts III and IV of the memorandum. I do not disagree with the analysis in Part II of the memorandum, but I find it to be entirely unnecessary and to carry with it the implication that the jurisdiction of a magistrate is

---

**7.** There was no claim in this case that the faulty certification was filed in bad faith. We express no opinion as to whether an objection to a faulty certification need be made at trial if it is alleged that the prosecutor acted in bad faith in filing a faulty certification.

**8.** Were we to hold otherwise, we would be encouraging defense counsel not to object to improper certifications at the earliest opportunity. If defense counsel could secure a reversal

by noting on appeal that a certification referred to a state court that was without jurisdiction over the alleged delinquent, counsel would be prudent not to object to the certification at the district court level. Counsel could then await the lower court verdict, and if that was unfavorable, expect an automatic reversal on appeal—giving the defendant a second chance at an acquittal. *See* Fed.R.Crim.P. 51.

something separate and distinct from the jurisdiction of the district court.

Both of these criminal prosecutions were initiated by criminal complaints, one charging a misdemeanor and the other charging an act of juvenile delinquency, which were filed with a United States Magistrate for the Southern District of California pursuant to Rule 3 Fed.R.Cr.P. Subsequently, in each case, an Information was filed in the United States District Court for the Southern District of California charging each appellant with an act of juvenile delinquency pursuant to 18 U.S.C. § 5032.

The seminal issue involved is whether the Congress when it enacted and amended the Magistrates Act and the Supreme Court when it adopted and amended the Magistrates Rules of Procedure intended to grant to litigants a right to insist that proceedings be held before a magistrate rather than a district judge. To put it another way, does a magistrate have jurisdiction which a district judge does not have?

This is not an occasion—a case with three concurring opinions—for a complete and thorough discussion of the issues. Suffice it to say, that in my opinion there is one court, the district court. There is no magistrate's court. Congress has identified officials who have been granted authority, under special circumstances, to perform judicial functions of the district court. Nevertheless, the entire jurisdiction of the district court is vested in the district judge and anything a magistrate does is, under the statute and rules, subject to the control, supervision and review of a district judge. *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

In passing the 1976 amendments to the Federal Magistrates Act, Congress was alert to Art. III values concerning the vesting of decisionmaking power in magistrates. *Accordingly, Congress made clear that the district court has plenary discretion whether to authorize a magistrate to hold an evidentiary hearing and that the magistrate acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction.*

(Emphasis added). *See also: McDonnell Douglas Corporation v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 9th Cir. 1981. *Compare: United States v. Hayes*, 590 F.2d 309 (9th Cir. 1979).

In the instant cases there was no standing order or rule, or special order pursuant to 18 U.S.C. § 3401(a) specially designating a magistrate to exercise the jurisdiction of the district court in juvenile delinquency cases. In the Gonzalez-Cervantes case, respondent filed a consent to trial before the magistrate but a magistrate was never specially designated. In the Doe case a consent to trial before the magistrate was filed and at one point the district judge designated a magistrate to hear the matter, but the judge subsequently on motion of the government vacated the order and reassumed jurisdiction. All these actions were proper under 18 U.S.C. § 3401(f).

The district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate upon the court's own motion or, for good cause shown, upon petition by the attorney for the Government. . . .

With respect to these issues I perceive no difference between adult misdemeanor cases and juvenile delinquency cases, and thus no justification for deciding on the basis of such a distinction.