**UNITED STATES of America, Plaintiff,**

v.

**Morris McKEE, Defendant.**

**No. CR-N-91-21-HDM.**

United States District Court,
D. Nevada.

March 19, 1991.

Robert A. Bork, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Mary E. Boetsch, Mooney & Boetsch, Ltd., Reno, Nev., for defendant.

## ORDER

McKIBBEN, District Judge.

This action is before the court on the motion of the United States to proceed against the juvenile, Morris McKee, as an adult pursuant to the provisions of 18 U.S.C. § 5032.

The Juvenile Justice Act and Delinquency Prevention Act, 18 U.S.C. § 5031–42 (1988), establishes special procedures for prosecuting individuals who are juveniles at the time a federal crime is committed. The federal jurisdiction for the crime which Defendant allegedly committed is set forth in the Major Crimes Act, 18 U.S.C. § 1153 (1988), which provides: "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, ... or assault resulting in serious bodily injury ... within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." Under the provisions of 18 U.S.C. § 5031 *et seq.*, prosecution results in an adjudication of status, not a criminal conviction. *United States v. Frasquillo–Zomosa*, 626 F.2d 99, 101 (9th Cir.) *cert. denied* 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980). The intent of the Federal Juvenile Act is to remove juveniles from the ordinary criminal process in an effort to prevent the juvenile from having the stigma of a prior criminal conviction and to focus attention on treatment and rehabilitation. *United States v. Me-*

*chem,* 509 F.2d 1193 (10th Cir.1975). The procedures for commencing delinquency proceedings and to transfer a juvenile to the adult courts for criminal prosecution are set forth in 18 U.S.C. § 5032.

The court conducted a hearing at which time evidence was introduced by both parties directed to the issue of transfer as set forth in section 5032. The factors which the court is mandated to consider in determining whether a juvenile should be transferred for criminal prosecution include the following: "the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; and the availability of programs designed to treat the juvenile's behavioral problems." 18 U.S.C. § 5032. These factors must be considered by the court in determining whether a transfer would be in the more general "interest of justice."

Morris McKee is seventeen (17) years of age. He was born February 19, 1974. He is a native American who is enrolled in the Fort McDermitt Paiute Shoshone Tribe. He lives in McDermitt with his mother and grandparents. His father committed suicide when Morris McKee was very young. He has three brothers and one sister. He dropped out of high school during his tenth grade and apparently had very little interest in school while he attended. His one interest appears to be creative art work. His academic skills are very poor and, to a substantial degree, he appears to be functionally illiterate. He is socially very isolated and it appears he has some responsibility for the care of his mother. His mother suffers from rheumatoid arthritis. Intellectually he appears to be within the average range. The psychological tests which have been administered indicate that he is manipulative and deceptive and is socially very isolated. He has poor control over emotional impulses when threatened. While he has denied a problem

with alcohol, it appears that he has on occasion used alcohol excessively.

Clearly, his parents did not provide a stable home environment. He has not received consistent care or attention or sufficient discipline. On one occasion he was suspended from school. His social environment has been deleterious, and there is little in his social background which would indicate that he has a firm enough foundation for success in any form of rehabilitation at least in the immediate future.

The offense with which he stands charged in this case is assault with intent to commit murder, a violation of 18 U.S.C. §§ 113(a) and 1153(a). During the hearing, the juvenile admitted repeatedly assaulting Alvin Dick and Franklin Dick with a knife. The evidence reflects that each of the victims received multiple stab wounds and suffered serious injury as a consequence. The juvenile broke a baseball bat on one of the victims. This is a very serious and aggravated crime of violence. If the juvenile were before the Nevada courts, he would be treated as an adult since the offense is one related to a crime which would arise out of the same facts as attempted murder. Therefore, under Nev. Rev.Stat. § 62.040, he would not be entitled to protections of the juvenile laws of Nevada.

In addition, the evidence clearly indicated that on prior occasions, three of which have been detailed for this court, Morris McKee was involved in similar incidents with the use of a knife. On each of those occasions he produced a knife and struck the victim with the knife. On two occasions it does not appear that he was the initial aggressor, but his response when confronted was to escalate the encounter by using a deadly weapon. The evidence also was persuasive that each time, including the instant case, he could have made a conscious decision to withdraw but elected not to do so, and instead responded by aggressive, violent conduct. On the prior occasions, he then discarded the knife out of apparent fear of apprehension. Clearly, his prior encounters with the juvenile justice system, which are chronicled in the reports submitted to the court, indicate that he is prone to violent behavior.

On one occasion while in custody at the juvenile hall in Winnemucca, Nevada, he became combative, and it required three officers to subdue him and quell the disturbance. He has a significant record of violence demonstrating a continuous pattern of assertive and aggressive conduct.

On prior occasions the United States attorney has declined to prosecute and, accordingly, the juvenile has not benefitted from any prior treatment efforts or programs. On one occasion it was recommended that he be sent to a treatment center in Oklahoma, but that recommendation was not followed because prosecution had been declined. Therefore, there is little evidence of the type of response the juvenile would have to treatment efforts. In addition, very little evidence has been offered to the court as to the availability of programs designed to treat the juvenile's behavioral problems. In fact it appears that there are a dearth of programs available for such treatment. Because of the age and physical stature of the juvenile and his aggressive pattern of conduct, which involves repeated use of deadly weapons, it has been difficult to find a placement for the juvenile pending this hearing. It does not appear that there are any custodial programs available for his treatment as a juvenile, either in Nevada or in adjacent states. No such programs have been suggested to the court. It is apparent the juvenile was in need of a structured, disciplined environment on those prior occasions where he engaged in violent behavior, but since he was not prosecuted on those assaults, earlier placements which might have proven beneficial now appear not to be available.

Therefore, after having carefully considered the factors under section 5032 and applying them to the facts developed in this case, the court concludes that a transfer of the juvenile to the adult court is in the interest of justice. The court reaches this conclusion reluctantly because the juvenile has received little support from his family over the years. However, the evidence in

this case, if true, indicates a significant pattern by the juvenile of a substantial disregard for human safety and a severe indifference to acceptable norms of behavior. The acts of violence are repeated and substantial, and because of the seriousness of the pending charges and the consistent pattern of violence engaged in by the juvenile, further prosecution as a juvenile would not be in the interest of justice.

Therefore, the government's motion to transfer is GRANTED. The defendant, Morris McKee, shall appear before this court on the 29th day of March, 1991, at 10:00 a.m. for arraignment in the adult court on the pending charges.

It is so ORDERED.