124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ESTELA R., Defendant-Appellant.
 No. 96-50696.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 12, 1997**
Sept. 18, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-93-00485-1-JSR; John G. Rhoades, District Judge, Presiding.
 
 
 2
 Before: PREGERSON and HAWKINS, Circuit Judges, and WEINER, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to clarify our decision.
 
 
 5
 First, the district court did not plainly err in sentencing the appellant to a term extending beyond her twenty-first birthday. 18 U.S.C. § 5037(c)(1), which proscribes detention beyond a juvenile's twenty-first birthday, applies only "in the case of a juvenile who is less than eighteen years old." The appellant was over eighteen at the time of the probation revocation and resentencing. Accordingly, § 5037(c)(1) does not apply to the appellant.
 
 
 6
 Second, the district court did not treat the appellant more harshly than a similarly situated adult. The sentence imposed upon a juvenile delinquent may not exceed the maximum sentence applicable to an otherwise similarly situated adult, unless the court finds an aggravating factor warranting upward departure. 18 U.S.C. § 5037(c)(2)(B)(ii); U.S.S.G. § 1B1.12; see also United States v. Gonzalez-Cervantes, 668 F.2d 1073, 1076 (9th Cir.1981). When an individual violates the terms of her probation, the district court has discretion to "revoke probation and impose any sentence that initially could have been imposed." United States v. Nieblas, 115 F.3d 703, 706 (9th Cir.1997) (quoting U.S.S.G. Ch. 7, Pt. A(2)(a), intro. comment.).
 
 
 7
 Here, the district court could have sentenced a similarly situated adult who violated probation within the range of twenty-four to thirty months on the underlying offense of importing marijuana, if the court granted an adjustment for a minor role. The range would be eighteen to twenty-four months if the court granted an adjustment for a minimal role. See U.S.S.G. Sentencing Table (under Criminal History Category I, for offense level of 15 or 17). The appellant's fifteen-month sentence therefore fell below either of the possible sentencing ranges available to the court. The district court treated the appellant more leniently--not more harshly--than a similarly situated adult.
 
 
 8
 Third, the district court did not impermissibly punish the appellant for her status as a drug addict in violation of the Eighth Amendment. The record clearly shows that the district court's order was based upon the appellant's act of using drugs in violation of probation, as shown by her positive urinalysis test on August 28, 1996. Penalties predicated upon an individual's actions, as opposed to her status alone, are permissible under the Constitution. United States v. Ayala, 35 F.3d 423, 426 (9th Cir.1994).
 
 
 9
 Because we find no error, the order of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3