**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

            v.

ROGER FIANDER,
            *Defendant-Appellee.*

No. 07-30251

D.C. No.
CR 05-2099 RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted
April 7, 2008—Seattle, Washington

Filed October 23, 2008

Before: Stephen Reinhardt, A. Wallace Tashima, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Tashima

14839

**COUNSEL**

Jane M. Kirk, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellant.

Jack W. Fiander, Towtnuk Law Offices, Ltd., Yakima, Washington, for the defendant-appellee.

**OPINION**

TASHIMA, Circuit Judge:

Roger Fiander, a member of the Confederated Tribes and Bands of the Yakama Nation, was charged with several other

defendants in a multi-count indictment with numerous violations related to trafficking in contraband cigarettes. The charges included violations of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2342(a); conspiracy to violate the CCTA, 18 U.S.C. §§ 2, 371, and 2342(a); conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); and money laundering, 18 U.S.C. §§ 1956 and 1957. Fiander agreed to plead guilty to Count One of the indictment, conspiracy to violate RICO, and the government agreed to move to dismiss the numerous other counts. Shortly thereafter, however, we decided *United States v. Smiskin*, 487 F.3d 1260 (9th Cir. 2007), holding that the application of the CCTA to Yakama Indians violated the Yakama Treaty of 1855. We therefore upheld the dismissal of an indictment against two members of the Yakama Nation. Pursuant to *Smiskin*, after briefing, the district court dismissed the indictment. The government timely appealed. We have jurisdiction pursuant to 18 U.S.C. § 3731 and 28 U.S.C. § 1291, and we now reverse.

## I.

The district court's decision to dismiss the indictment is reviewed de novo. *United States v. Jackson*, 480 F.3d 1014, 1016 (9th Cir. 2007). " 'Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged.' " *United States v. Fernandez*, 388 F.3d 1199, 1217-18 (9th Cir. 2004) (quoting *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004)), *modified by* 425 F.3d 1248 (9th Cir. 2005).

## II.

Fiander was a member of an organization called the Mahoney Enterprise, which trafficked in contraband cigarettes between Idaho and Washington. Louie Mahoney owned and operated JKL Enterprises on the Coeur d'Alene Indian

reservation in Idaho. JKL Enterprises ordered cigarettes from Washington wholesalers using the tribal tobacco license and retail addresses of Christine Mahoney-Meyer and Margaret Jose. JKL Enterprises then took cigarette orders from Washington tribal retailers. Fiander's role was to deliver cigarette orders to two retailers on the Yakama Indian Reservation in Washington. Fiander picked up checks from the retailers in Washington, drove to Idaho to pick up the cigarettes, and transported the cigarettes to Washington.

Fiander was charged under the CCTA, which provides that it is "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco." 18 U.S.C. § 2342(a). Contraband cigarettes are defined by reference to state law:

> [T]he term "contraband cigarettes" means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes, and which are in the possession of any person other than a person otherwise authorized to possess such cigarettes. 18 U.S.C. § 2341(2).

In order to enforce its cigarette tax, Washington law requires cigarettes sold in the state to have a stamp showing either that the tax was paid or that the cigarettes were tax-exempt. Wash. Rev. Code §§ 82.24.030(1) & (2). It is illegal to transport unstamped cigarettes in the state unless authorized to possess unstamped cigarettes. Wash. Rev. Code § 82.24.250.

> [A] "person authorized . . . to possess unstamped cigarettes" means:

(a)    A wholesaler, licensed under Washington state law;

(b)    The United States or an agency thereof; [and]

(c)    Any person, including an Indian tribal organization, who, after notice has been given to the board as provided in this section, brings or causes to be brought into the state unstamped cigarettes, if within a period of time after receipt of the cigarettes as the department determines by rule to be reasonably necessary for the purpose the person has caused stamps to be affixed in accordance with RCW 82.24.030 or otherwise made payment of the tax required by this chapter in the manner set forth in rules adopted by the department.

Wash. Rev. Code § 82.24.250(7).

**[1]** "Under federal law the state may not tax Indians or Indian tribes in Indian country." Wash. Admin. Code § 458-20-192. However, "Washington law requires that cigarettes destined for sale to Indians be pre-approved by the Washington State Department of Revenue." *Grey Poplars Inc. v. 1,371,100 Assorted Brands of Cigarettes*, 282 F.3d 1175, 1178 (9th Cir. 2002). Washington law further prohibits the transportation of unstamped cigarettes other than by "[a] licensed wholesaler in the wholesaler's own vehicle," or by a person who has given notice to the liquor control board "in advance of the commencement of transportation." Wash. Rev. Code § 82.24.250(1); *see* Wash. Rev. Code § 82.24.010 (defining "board" to mean "the liquor control board"). Because Fiander did not provide notice to the state prior to transporting the cigarettes, the cigarettes he transported were contraband within the meaning of the CCTA. *See Smiskin*, 487 F.3d at 1263 (concluding that the cigarettes were unauthorized under state law and contraband under the CCTA

because the Smiskins did not provide prior notice to the State of Washington).

## III.

**[2]** "Federal laws of general applicability are presumed to apply with equal force to Indians," subject to three exceptions. *United States v. Baker*, 63 F.3d 1478, 1484 (9th Cir. 1995). One exception is that, if a statute of general applicability "is silent on the issue of applicability to Indian tribes," it will not apply if its application would " 'abrogate rights guaranteed by Indian treaties.' " *Id.* (quoting *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115 (9th Cir. 1985)). *Smiskin* held that the application of the CCTA, a law of general applicability, violated the right to travel guaranteed by the Yakama Treaty. *Smiskin*, 487 F.3d at 1266.

"The Right to Travel provision of the Yakama Treaty of 1855 secures to Yakama tribal members the right to travel upon the public highways." *Id.* at 1262. Like Fiander, the defendants in *Smiskin* were members of the Yakama Nation who were suspected of transporting unstamped cigarettes from Idaho to smoke shops on Indian reservations in Washington. They were charged with substantive violations of the CCTA by failing to comply with Washington's requirement to give notice to the liquor control board prior to transporting unstamped cigarettes within the state. The district court held that the pre-notification requirement violated the Yakama Treaty and dismissed the indictment.

On the government's appeal, we relied on *Cree v. Flores*, 157 F.3d 762 (9th Cir. 1998), which held that the State of Washington's imposition of fees on truck drivers for Yakama logging companies violated the Yakama Treaty's guarantee of the " 'right to transport goods to market over public highways without payment of fees for that use.' " *Smiskin*, 487 F.3d at 1265 (quoting *Cree*, 157 F.3d at 769). We cited the finding made in *Cree* that the parties to the Treaty intended the Yaka-

mas to retain " 'the right to travel the public highways *without restriction* for purposes of hauling goods to market.' " *Id.* at 1266 (quoting *Yakama Indian Nation v. Flores*, 955 F. Supp. 1229, 1248 (E.D. Wash. 1997), *aff'd by Cree*, 157 F.3d 762). Washington's pre-notification requirement was a restriction on the right to travel, in violation of the Yakama Treaty. *Id.* Thus, "the Smiskins' alleged transportation and possession of unstamped cigarettes without providing notice to the State cannot be the basis for prosecution under the CCTA." *Id.* at 1272.

**[3]** Fiander's CCTA prosecution relies on the same pre-notification requirement that was addressed in *Smiskin*. Thus, pursuant to *Smiskin*, Fiander cannot be prosecuted for a substantive violation of the CCTA. The government protests, however, that Fiander pled guilty to conspiracy to violate RICO under 18 U.S.C. § 1962(d) and that he can be liable for the RICO conspiracy charge even if he cannot be charged with the substantive CCTA offense.[1]

**[4]** The government's argument rests on *Salinas v. United States*, 522 U.S. 52 (1997),[2] which held that a defendant who was acquitted of the substantive racketeering charge nonetheless could be convicted of conspiracy to violate RICO.

The RICO statute, 18 U.S.C. § 1962(d), to which Fiander pleaded guilty, provides, in full, that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The indictment charged Fiander and his coconspirators with a conspiracy to violate 18 U.S.C. § 1962(c), which provides:

---

[1]The defendants in *Smiskin* were not charged with RICO conspiracy, but only with substantive violations of the CCTA. *See United States v. Smiskin*, 2005 WL 1288001, at *1 (E.D. Wash. May 31, 2005).

[2]The government did not cite *Salinas* in its supplemental briefing to the district court, but Fiander acknowledges that the government did argue below that this case is distinguishable from *Smiskin* because Fiander was charged with and pled guilty to conspiracy.

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Racketeering activity is defined to include any act that is indictable under the CCTA. *Id.* § 1961(1)(B). A pattern of racketeering activity "requires at least two acts of racketeering activity." *Id.* § 1961(5).

In *Salinas*, Mario Salinas was charged with one count of violating RICO, one count of conspiracy to violate RICO, and two counts of bribery in connection with a scheme in which Salinas, a sheriff deputy, assisted the sheriff in allowing a prisoner "contact visits" in exchange for money and goods. 522 U.S. at 55. Salinas was acquitted of the substantive RICO count, but convicted of the RICO conspiracy and bribery counts. *Id.*

Salinas challenged his conspiracy conviction on the ground that "[t]here could be no conspiracy offense . . . unless he himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under § 1962(c)." *Id.* at 61. The theory of the prosecution was that Salinas committed a substantive violation of § 1962(c) by accepting two or more bribes. *Id.* at 62-63. The jury acquitted him of the substantive RICO count, and Salinas argued that the jury had not been instructed that "he must have committed or agreed to commit two predicate acts himself." *Id.* at 63. The Court stated, however, that the RICO conspiracy statute contained no requirement of an overt act or specific act and therefore was "even more comprehensive than the general conspiracy offense in [18 U.S.C.] § 371," *id.*, which requires a conspirator to "do any act to effect the object of the conspiracy," 18 U.S.C. § 371.

The Court then discussed principles of conspiracy law, stating that "[a] conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas*, 522 U.S. at 65. The Court concluded:

> It makes no difference that the substantive offense under § 1962(c) requires two or more predicate acts. The interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense.

*Id.* Thus, even if Salinas had not himself accepted or agreed to accept bribes, the evidence that he knew about and agreed to facilitate the sheriff's acceptance of bribes was sufficient to support his RICO conspiracy conviction. *Id.* at 66.

**[5]** Under *Salinas*, Fiander did not need to commit the substantive offense of contraband cigarette trafficking in order to be guilty of the RICO conspiracy. Instead, it is sufficient that he "knew about and agreed to facilitate the scheme." *Id.*; *see also, e.g.*, *United States v. Driver*, 535 F.3d 424, 432 (6th Cir. 2008) (stating that a RICO conspiracy conviction could be sustained, even if there was not sufficient evidence that the defendant committed two predicate acts himself or agreed to commit two predicate acts himself, as long as there was sufficient evidence that he "agreed that *someone* would commit two predicate acts"); *United States v. Browne*, 505 F.3d 1229, 1274 (11th Cir. 2007) (" 'Agreement to commit two predicate acts, and not the actual commission of two predicate acts, is the key issue in a RICO conspiracy charge.' " (quoting *United States v. Russo*, 796 F.2d 1443, 1461 (11th Cir. 1986))), *cert. denied*, 128 S. Ct. 2962 (2008); *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005) (stating that the defendant, charged with RICO conspiracy, "need not have committed or

agreed to commit the two predicate acts," but only needed to "have known of and agreed to the overall objective of the RICO offense"); *Fernandez*, 388 F.3d at 1230 (stating that the prosecution was not required to prove that the defendant committed any overt act in order to sustain a RICO conspiracy conviction); *United States v. Cianci*, 378 F.3d 71, 90-93 (1st Cir. 2004) (explaining that a defendant may be convicted of RICO conspiracy even if acquitted of the substantive crime).

**[6]** Because of *Salinas*' broad interpretation of the RICO conspiracy statute, we conclude that the allegations in the indictment against Fiander are sufficient to survive dismissal.[3] The indictment alleged that Fiander entered into an agreement to commit the substantive offense of contraband cigarette trafficking. At least several of his coconspirators, including Mahoney, Mahoney-Meyer, and Jose, are not members of the Yakama Nation; therefore, their conduct is "indictable" under the CCTA.[4] 18 U.S.C. § 1961(1)(B). The indictment further alleges, and the plea agreement indicates, that Fiander knew about the objective of the enterprise and knowingly agreed to facilitate it. The indictment alleges that Fiander collected payment from tribal retailers in Washington, took the payment to Mahoney in Idaho, received the cigarettes, concealed them in his vehicle for delivery to Washington, and collected delivery fees. Fiander admitted that he had raised his delivery fees to compensate for the risk of being discovered and having the cigarettes and his vehicle seized.

---

[3]"We presume the allegations of an indictment to be true for purposes of reviewing a district court's ruling on a motion to dismiss." *Smiskin*, 487 F.3d at 1263 n.5.

[4]The convictions of Mahoney-Meyer and Jose were affirmed on appeal, in part because, as members of the Coeur d'Alene Tribe, which does not have a treaty with a broad Right to Travel provision, as does the Yakama Nation, *Smiskin* did not apply to their situation. *See United States v. Mahoney-Meyer*, Nos. 07-30430, 07-30432, 2008 WL 4372957 (9th Cir. Sept. 22, 2008).

The indictment accordingly sufficiently alleges that Fiander agreed to facilitate the commission of the crime of contraband cigarette trafficking. Under *Salinas*, "it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas*, 522 U.S. at 65. Fiander was " 'aware of the essential nature and scope of the enterprise and intended to participate in it.' " *Fernandez*, 388 F.3d at 1230 (quoting *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)). This leads to the somewhat anomalous result that, although Fiander may not be prosecuted for a substantive violation of the CCTA because of his status as a member of the Yakama Nation, he may be prosecuted for a RICO conspiracy in which the racketeering activity is contraband cigarette trafficking. Nonetheless, this conclusion is consistent with *Salinas* and well-established conspiracy law.

"It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself." *Salinas*, 522 U.S. at 65; *see also United States v. Feola*, 420 U.S. 671, 693 (1975) (discussing the values served by conspiracy law, including "protection of society from the dangers of concerted criminal activity"). Thus, we have held that a conspiracy conviction may be sustained even where the goal of the conspiracy is impossible. *See, e.g.*, *Rodriguez*, 360 F.3d at 957 (where "the conspiracy arose out of a federal law enforcement sting operation, . . . the nonexistent status of the target drug traffickers [was] inapposite" because "[i]mpossibility is not a defense to [a] conspiracy charge"); *United States v. Bosch*, 914 F.2d 1239, 1241 (9th Cir. 1990) (rejecting the defendant's argument that, because the undercover agent never actually possessed cocaine, it was "legally impossible . . . to conspire to aid and abet a nonexistent offense"); *United States v. Everett*, 692 F.2d 596, 599 (9th Cir. 1982) (rejecting the defense of legal impossibility to a conspiracy charge where the conspiracy was with an undercover agent).

Our sister circuits are in accord. *See, e.g., United States v. Yang*, 281 F.3d 534, 542 (6th Cir. 2002) (rejecting the defendants' argument that they could not be guilty of conspiring to steal something that was not a trade secret, reasoning that "the basis of the conspiracy charge is the agreement to commit the unlawful act," so it was " 'irrelevant that the ends of the conspiracy were from the very inception of the agreement objectively unattainable' " (quoting *United States v. Hsu*, 155 F.3d 189, 203 (3d Cir. 1998))); *United States v. Rodriguez*, 215 F.3d 110, 116 (1st Cir. 2000) (in a drug importation conspiracy case, stating that "[t]he crime is the illegal agreement; if there was such an agreement, it does not matter that the purpose of the agreement was not achieved, or even that achieving that purpose was factually impossible"); *United States v. Trapilo*, 130 F.3d 547, 552 n.9 (2d Cir. 1997) (stating that where "an indictment alleges conspiracy, legal impossibility affords a conspirator no defense" because the " 'crime of conspiracy is complete upon the agreement to violate the law' " (quoting *Everett*, 692 F.2d at 600)).

A situation similar to that presented here was addressed by the Sixth Circuit. In *United States v. Saadey*, 393 F.3d 669 (6th Cir. 2005), the defendant was charged with conspiracy to violate RICO through a pattern of racketeering activity consisting of extortion in violation of state law. The Sixth Circuit agreed with the defendant that the conduct charged could not be "a predicate offense because it does not satisfy . . . the elements of extortion" under state law. *Id.* at 676. Nonetheless, the court reasoned that "conviction on a charge of RICO conspiracy does not require the government to prove that *any* predicate act was actually committed at all," and that the fact that the conduct charged could not constitute a predicate offense accordingly was "immaterial" to the conviction. *Id.* at 677.

**[7]** Similar to *Saadey*, where the conduct charged could not constitute a substantive RICO offense because it did not amount to extortion, Fiander cannot be charged with a sub-

stantive RICO offense based on the CCTA. Nonetheless, *Saadey* relied on *Salinas* to reason that, because the defendant was charged with RICO conspiracy rather than a substantive RICO violation, the government was not required to prove that any predicate act of racketeering activity was committed at all. Similarly, Fiander can be charged with RICO conspiracy even though he cannot be prosecuted for a substantive RICO offense based on the CCTA. *See United States v. Rabinowich*, 238 U.S. 78, 86 (1915) ("A person may be guilty of conspiring, although incapable of committing the objective offense."); *Smith v. Berg*, 247 F.3d 532, 537 (3d Cir. 2001) ("*Salinas* makes clear that § 1962(c) liability is not a prerequisite to § 1962(d) liability.") (internal quotation marks omitted); *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984) ("Proof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d).").

**[8]** Fiander's coconspirators agreed to commit violations of the CCTA that are indictable as substantive RICO offenses. The indictment sufficiently alleges that Fiander knew of and agreed to facilitate the objective of the RICO conspiracy and it, therefore, should not have been dismissed. Our conclusion that the government can prosecute Fiander for RICO conspiracy even though it cannot prosecute him for the substantive RICO offense of violating the CCTA is consistent with *Salinas* and with the goal of conspiracy law to address the "distinct evil" of a conspiracy to engage in a criminal enterprise. *Salinas*, 522 U.S. at 65. Fiander's agreement to facilitate the commission of contraband cigarette trafficking by others whose acts are indictable under the CCTA is chargeable under § 1962(d) for a RICO conspiracy.[5] We therefore reverse the order of the district court dismissing the indictment and

---

[5]We do not address a situation in which a conspiracy exists only among tribal members of the Yakama Nation.

remand for further proceedings.

**REVERSED and REMANDED.**