**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAVID RAY CAMEZ, aka Badman,
AKA Doctorsex,
*Defendant-Appellant.*

No. 14-10251

D.C. No.
2:12-cr-00004-
APG-GWF-23

OPINION

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Filed October 17, 2016

Before: Susan P. Graber and M. Margaret McKeown,
Circuit Judges, and Rosanna Malouf Peterson,[*] District
Judge.

Opinion by Judge Graber

---

[*] The Honorable Rosanna Malouf Peterson, United States District
Judge for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a criminal judgment in a case in which the defendant was convicted under the Racketeer Influenced and Corrupt Organizations Act for continuing crimes that spanned his 18th birthday.

The panel rejected the defendant's contention that the Juvenile Delinquency Act prohibits consideration of the defendant's pre-majority conduct as proof of the substantive crimes, and concluded that the defendant's conviction must stand where the district court instructed the jury that it could convict only if it found that the defendant continued his participation after turning 18, and the jury's special verdict form makes clear that the defendant, in fact, continued his participation after turning 18.

### COUNSEL

Chris T. Rasmussen (argued), Rasmussen & Kang LLC, Las Vegas, Nevada, for Defendant-Appellant.

William R. Reed (argued), Assistant United States Attorney; Elizabeth O. White, Appellate Chief; Daniel G. Bogden, United States Attorney; United States Attorney's Office, Reno, Nevada; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GRABER, Circuit Judge:

Defendant David Ray Camez participated in a criminal enterprise, known as the "carder.su enterprise," that operated an online trading post for stolen and counterfeit access devices and means of identification. The government indicted him under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for continuing crimes that, according to the government, spanned Defendant's eighteenth birthday. The district court instructed the jury that it could not convict Defendant solely for his pre-majority conduct. But the court permitted the jury, over Defendant's objection, to consider Defendant's pre-majority conduct as proof of the substantive crimes. Defendant argues that the Juvenile Delinquency Act ("JDA") prohibits consideration of his pre-majority conduct as proof of the substantive crimes. Reviewing de novo the question of statutory interpretation, *United States v. Watson*, 792 F.3d 1174, 1177 (9th Cir. 2015), we hold that the district court's instruction, which comported with the law of most circuits that have addressed this issue, was not erroneous. Accordingly, we affirm the judgment.[1]

The carder.su enterprise engaged in unlawful trafficking of means of identification, real and counterfeit; access devices; and associated equipment. The enterprise's hierarchy included an administrator, moderators, reviewers, vendors, and members. Defendant was a "member" whose criminal activities in furtherance of the enterprise included production of, and trafficking in, counterfeit identification

---

[1] In an unpublished disposition filed concurrently with this opinion, we reject Defendant's other challenges to his convictions and sentence.

documents, possession of counterfeit and unauthorized access devices, and conspiracy to possess device-making equipment.

The government indicted Defendant on two RICO counts: (1) a substantive RICO count of participation in a criminal enterprise, in violation of 18 U.S.C. § 1962(c); and (2) a RICO conspiracy count of conspiring to participate in a criminal enterprise, in violation of § 1962(d). Because the government alleged both pre-majority and post-majority conduct, the district court instructed the jury on the effect of Defendant's age:

> You may not convict Mr. Camez of RICO or RICO conspiracy based solely on his juvenile acts. You may convict him only if you find beyond a reasonable doubt that Mr. Camez continued to participate in the Carder.su organization or the RICO conspiracy after he turned 18 years of age.[2]

With respect to his pre-majority conduct, Defendant challenges his conviction on the substantive RICO count only. A "violation of 18 U.S.C. § 1962(c) is established by proof of (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *United States v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004) (internal quotation marks omitted). "A pattern of racketeering activity, in turn, requires at least two predicate acts . . . ." *Id.*

---

[2] We reject, as foreclosed by the plain wording of the instruction, Defendant's argument that the instruction is confusing or that it allowed the jury to convict Defendant solely for pre-majority acts.

The indictment alleged that Defendant committed three predicate acts: one when he was 17 years old, and two when he was 18 years old. In the special verdict form, the jury selected "proven" for the act committed when Defendant was 17; selected "proven" for one of the acts committed when Defendant was 18; but declined to select "proven" or "unproven" for the other act allegedly committed by Defendant when he was 18.

The JDA "creates a special procedural and substantive enclave for juveniles accused of criminal acts." *United States v. Frasquillo-Zomosa*, 626 F.2d 99, 101 (9th Cir. 1980). "The purpose of the Act, as amended in 1974, was to enhance the juvenile system by removing juveniles from the ordinary criminal justice system and by providing a separate system of 'treatment' for them." *Id.* "A successful prosecution under the Act results not in conviction of a crime but rather in adjudication of a status." *United States v. Araiza-Valdez*, 713 F.2d 430, 432 (9th Cir. 1980) (per curiam) (internal quotation marks omitted). "The Act does not create a substantive offense with its own jurisdictional basis, but rather establishes a procedural mechanism for the treatment of juveniles who are already subject to federal jurisdiction because of the commission of acts cognizable under other federal criminal statutes." *Id.* (internal quotation marks and brackets omitted).

Chapter 403 of Title 18, entitled "Juvenile Delinquency," sets forth the procedures for adjudicating juveniles alleged to have committed acts of juvenile delinquency. "A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless [certain

requirements are met]." 18 U.S.C. § 5032. Section 5031 defines the terms "juvenile" and "juvenile delinquency":

> For the purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult or a violation by such a person of section 922(x).

In nearly all cases, the application of those definitions is straightforward. We must look first to the defendant's age at the time of indictment. *United States v. Doe*, 631 F.2d 110, 113 (9th Cir. 1980). If the defendant is under 18, then the JDA applies. 18 U.S.C. § 5031. If the defendant is 21 or older, then the JDA does not apply. *See Araiza-Valdez*, 713 F.2d at 433 (holding that the JDA does not apply to a defendant indicted at age 24, even though the crimes were committed when the defendant was 17). If the defendant is 18, 19, or 20 at the time of indictment, then we must ask whether the alleged crime occurred "prior to his eighteenth birthday." 18 U.S.C. § 5031. For most crimes, the age of the defendant is not subject to dispute and the answer to that inquiry is simple. If the defendant was under 18 at the time of the crime, then the JDA applies; if not, then the JDA does not apply. But for continuing crimes alleged to have occurred both before and after the defendant turned 18, the statute provides no clear answer to the question whether the JDA

applies. We face that situation here, because Defendant was 20 at the time of indictment and because the government alleged that he committed the crime when he was both 17 and 18.

In these circumstances, courts uniformly have held that adult prosecution is warranted. *See, e.g., United States v. Wong*, 40 F.3d 1347, 1365 (2d Cir. 1994) ("It is well established that federal courts have jurisdiction over conspiracies [and other continuing crimes] begun while a defendant was a minor but completed after his eighteenth birthday."); *United States v. Cruz*, 805 F.2d 1464, 1475 (11th Cir. 1986) ("'The [JDA] does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor.'" (ellipsis omitted) (quoting *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984))); *accord United States v. Strothers*, 77 F.3d 1389, 1392 (D.C. Cir. 1996); *United States v. Doerr*, 886 F.2d 944, 969 (7th Cir. 1989). Indeed, Defendant here does not challenge the fact that he was adjudicated as an adult. Instead, he argues only that the JDA implicitly forbids a jury from considering any of his pre-majority conduct as substantive proof of the crime.

The District of Columbia Circuit has adopted the view advanced by Defendant. In *United States v. Thomas*, 114 F.3d 228, 265–67 (D.C. Cir. 1997), the court held that the jury may consider *only* the post-majority acts as proof of guilt; pre-majority acts may be admitted, if at all, only under Federal Rule of Evidence 404(b) to help the jury understand post-majority acts. "[I]t is the adult participation that gives the district court jurisdiction over the eighteen to twenty-one year old defendant . . . ." *Id.* at 266. Accordingly, a

conviction that rests "in whole or in part on acts committed as a juvenile" is invalid. *Id.*

Following the lead of most circuit courts to have considered the issue, we disagree with the D.C. Circuit's analysis and conclusion for at least two reasons. First, as the Tenth Circuit held:

> The problem with *Thomas* . . . is evident: Any decision denying the admissibility of evidence of an adult defendant's pre-eighteen conduct to prove his guilt for continuing crimes incorrectly suggests that the JDA changes the substantive standard of criminal liability for a racketeering enterprise or conspiracy spanning a defendant's eighteenth birthday. We do not read the JDA so broadly.

*United States v. Delatorre*, 157 F.3d 1205, 1210 (10th Cir. 1998). Similarly, our own caselaw strongly suggests that the JDA does not impose substantive requirements on an adult prosecution. In *Frasquillo-Zomosa*, 626 F.2d at 101, we rejected the defendant's argument that the government must prove the defendant's age: "[N]othing in the legislative history of the [JDA], its purpose or structural scheme suggests that Congress intended to add an additional substantive element to the government's burden of proof." *Compare also Araiza-Valdez*, 713 F.2d at 432 (our holding that the JDA "does not create a substantive offense with its own jurisdictional basis, but rather establishes a procedural mechanism for the treatment of juveniles who are already subject to federal jurisdiction because of the commission of acts cognizable under other federal criminal statutes" (internal quotation marks omitted)), *with Thomas*, 114 F.3d

at 266 (the D.C. Circuit's holding that "it is the adult participation that gives the district court jurisdiction").

Second, we agree with the Eleventh Circuit's analysis:

> Common sense suggests that Congress did not intend to bifurcate the prosecution of any continuing offense which began prior to the defendant's reaching the age of eighteen and continued thereafter. The rule proposed by [the defendant] would have just this effect. In the instant case, for example, the government would have been required to prosecute [one of the defendants] as an adult for those activities in which he engaged after his eighteenth birthday, and, in a separate proceeding before the juvenile courts, prosecute [him] for those acts which he did before his eighteenth birthday. Neither the efficiency of judicial administration nor the congressional purpose of extending constitutional protections to juveniles would be served by such a result.

*Cruz*, 805 F.2d at 1477.

This case, too, illustrates why Congress could not have intended the result for which Defendant advocates. The jury found that Defendant committed two acts of racketeering, proof that ordinarily suffices for a conviction. Defendant committed one act when 17 and another act when 18. Under Defendant's and the D.C. Circuit's approach, he would not be guilty as *either* a juvenile *or* an adult. He committed only one act as a juvenile and therefore never established a pattern for purposes of a juvenile delinquency proceeding; and he

committed only one act as an adult and therefore never established a pattern for purposes of an adult prosecution. Nothing in the JDA or in any other statute suggests that Congress intended to create a loophole resulting in no rehabilitation or punishment whatsoever for persons who indisputably committed a serious continuing crime, merely because the crime happened to span the defendant's eighteenth birthday.

Had Congress intended to allow all persons effectively to start with a clean slate on the occurrence of their eighteenth birthday, then the D.C. Circuit's conclusion might have more support. But we have rejected that reading of the JDA by holding that a person who is indicted after turning 21 *must* be charged as an adult, even for crimes committed when he was 17. *Araiza-Valdez*, 713 F.2d at 433. That is, criminal acts committed before turning 18 are not, for that reason alone, necessarily immune from adult prosecution. In sum, we adopt the prevailing view that, for prosecution of a defendant indicted at age 18, 19, or 20, pre-majority acts may be admitted as substantive proof of a continuing crime such as the substantive RICO count here.

Our sister circuits have explained why pre-majority conduct is admissible by analogy to the "contract 'ratification' doctrine." *Wong*, 40 F.3d at 1366; *accord United States v. Welch*, 15 F.3d 1202, 1211–12 (1st Cir. 1993); *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1993). "[J]ust as a minor legally incapable of entering a contract may nonetheless be found to have 'ratified' a contract by taking actions after attaining majority consistent with an intent to be bound by it, so a defendant may ratify his pre-eighteen participation in a conspiracy [or other continuing crime] by continued participation after attaining majority."

*Wong*, 40 F.3d at 1366 (citations omitted); *see also id.* at 1367 (analogizing to the fact that otherwise time-barred acts may be used in a prosecution so long as the defendant has not withdrawn from the conspiracy during the limitations period).

The sister circuits that have rejected the D.C. Circuit's restrictive interpretation of the JDA have offered differing descriptions of what, if any, limitations the JDA imposes on an adult prosecution of a majority-spanning continuing crime. The First Circuit has held that the jury must be instructed that it may convict the defendant only if it finds that the defendant participated in the continuing crime after turning 18. *Welch*, 15 F.3d at 1211–12; *accord Delatorre*, 157 F.3d at 1209. This is the most restrictive of the various approaches. The Eleventh Circuit has held that no special jury instruction is required but that the government must introduce sufficient evidence that the defendant continued to participate in the continuing crime after turning 18. *Cruz*, 805 F.2d at 1476–77 & n.15; *accord Doerr*, 886 F.2d at 969–70.

The Second Circuit appears to have held that it is enough for a court to "look to the defendant's age at the time of the offense or offenses charged in the indictment"; no evidentiary inquiry is required by the court or the jury. *Wong*, 40 F.3d at 1365. That approach finds support in the text of the JDA, which focuses on the government's allegations and nowhere suggests that Congress intended to impose a post-indictment evidentiary burden. *See* 18 U.S.C. § 5031 (defining a "juvenile" "for the purpose of proceedings and disposition under this chapter for an *alleged* act of juvenile delinquency" (emphasis added)); *id.* § 5032 ("A juvenile *alleged* to have committed an act of juvenile delinquency [shall be transferred to state court unless certain conditions are met]." (emphasis added)); *id.* ("[N]o criminal prosecution shall be instituted for

the *alleged* act of juvenile delinquency except as provided below." (emphasis added)); *id.* ("A juvenile who is *alleged* to have committed an act of juvenile delinquency [shall be prosecuted under the JDA unless certain conditions are met]." (emphasis added)). Our own caselaw, too, is consistent with the Second Circuit's approach. *See Frasquillo-Zomosa*, 626 F.2d at 101 ("[N]othing in the legislative history of the [JDA], its purpose or structural scheme suggests that Congress intended to add an additional substantive element to the government's burden of proof."); *see also Doe*, 631 F.2d at 113 (holding that "it is important" that the juvenile/adult determination "be established at the beginning of a proceeding and that once fixed it endure throughout").

We need not—and do not—determine which of those approaches is correct. The district court here instructed the jury that it could convict Defendant only if it found that Defendant continued his participation after turning 18, and the jury's special verdict form makes clear that the jury found that Defendant, in fact, continued his participation after turning 18. Under any of the three approaches used by our sister circuits, Defendant's conviction must stand.

**AFFIRMED.**